IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RONALD DAVID MORGAN,

                       Petitioner,

  v.

CATHY A. JESS,

                       Respondent.

OPINION and ORDER

19-cv-796-jdp

---

      Ronald David Morgan, appearing pro se, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254.[1] He challenges his conviction for multiple sex offenses against a 15-year old child, entered in Marathon County case number 2013CF747. Morgan contends that his conviction should be vacated because his trial counsel was constitutionally ineffective in a number of ways. The petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, I must dismiss the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."

      Morgan has filed a "mixed petition," meaning that he presented only some of his claims in the state courts before filing his habeas petition. But federal courts cannot consider the merits of a state habeas petitioner's claims until the petitioner has presented those claims to the state courts for review. 28 U.S.C. § 2254(b)(1)(A). As explained below, Morgan must decide whether to proceed with his habeas petition only on the claims he has raised and

---

[1] Morgan is now incarcerated at Oshkosh Correctional Institution. Under Rule 2(a) of the Rules Governing Section 2254 Cases and Rule 25(d) of the Federal Rules of Civil Procedure, I have amended the caption to reflect that the proper respondent is Morgan's current custodian, Cathy Jess, the warden of Oshkosh.

exhausted in state courts, or alternatively, to dismiss his entire petition and refile it after he has exhausted all of his claims.

BACKGROUND

The following facts are drawn from the petition and the Wisconsin Court of Appeals decision affirming Morgan's conviction. *State v. Morgan*, 2018 WI App 54, 383 Wis. 2d 784, 918 N.W.2d 643, *review denied*, 2018 WI 111, 384 Wis. 2d 466, 922 N.W.2d 300.

In Marathon County case number 2013CF747, Morgan was charged with three counts of second-degree sexual assault of a child under 16 years of age and one count of exposing a child's genitals. Morgan pleaded not guilty and proceeded to a jury trial.

The victim was the state's primary witness. He testified that Morgan had sexually assaulted him while they were both at a family gathering. The victim's mother and a sexual assault nurse testified about what the victim had told them about the assault. The state also played a one-hour videotaped statement that the victim had made to a forensic interviewer. Defense counsel did not object to the mother's testimony or the nurse's testimony. Counsel filed a handwritten motion in limine to preclude the recorded videotaped statement, but later withdrew the objection.

A police officer testified about an interview that he had with Morgan, during which Morgan stated that he had been drinking on the night in question and that he could not remember anything more than touching the victim's legs and joking with him. But Morgan also stated repeatedly during the interview that the victim was a truthful person. He also acknowledged that he and the victim had talked about homosexuality during the family gathering.

2

Morgan did not testify at trial, and his attorney did not present any defense witnesses. During closing arguments, defense counsel emphasized the lack of DNA evidence and the lack of eyewitnesses. Defense counsel also observed that there were "strange dynamics" in the victim's family and observed that the victim's mother had been mad at him in the days following the assault. The jury found Morgan guilty on all counts, and Morgan was sentenced to six years of imprisonment and nine years of extended supervision.

Morgan, through counsel, filed a postconviction motion challenging the effectiveness of his trial counsel. He argued that counsel should have objected on hearsay grounds to the victim's videotaped statement and the mother's testimony about the victim's statements. The circuit court denied Morgan's motion after a hearing, and the court of appeals affirmed. The Wisconsin Supreme Court denied Morgan's petition for review on November 13, 2018. Morgan filed his federal habeas petition on September 25, 2019.

## ANALYSIS

Morgan raises four claims for relief in his habeas petition. He argues that his trial counsel was ineffective by (1) failing to object to the victim's videotaped interview and other hearsay evidence introduced at trial; (2) failing to cross-examine the victim regarding his inconsistent testimony; (3) failing to call witnesses who would have been favorable to the defense; and (4) failing to act on a death threat made against Morgan, defense counsel, and their investigator. Morgan concedes in his petition that the only claim for relief that he raised in the state courts was his first claim, regarding counsel's failure to object to hearsay evidence. He states that the other claims were not raised because his postconviction counsel was incompetent.

But a state prisoner seeking habeas relief from a federal court must first exhaust the remedies available in the state courts. 28 U.S.C. § 2254(b)(1)(A). This means that a state prisoner must present his claims through a complete round of state-court review, whether on direct appeal of his conviction or in postconviction proceedings. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v, Boerckel*, 526 U.S. 838, 848 (1999); *Bolton v. Akpore*, 730 F.3d 685, 694 (7th Cir. 2013). Because Morgan did not present claims 2, 3, and 4 in the state courts, I cannot consider them.

Morgan has two choices about how to proceed with his habeas petition. First, he may proceed only with claim 1 of his petition. If he chooses this option, I will dismiss the remaining claims. But Morgan should know that state prisoners typically receive only one opportunity to pursue habeas relief in federal court. This means that Morgan would not have the ability to proceed on the dismissed claims later. *See Burton v. Stewart*, 549 U.S. 147, 154 (2007) (Petitioner "may proceed with only the exhausted claims, but doing so risks subjecting later petitions that raise new claims to rigorous procedural obstacles.").

Second, Morgan may try to pursue his unexhausted claims—claims 3, 4, and 5—by dismissing this entire petition and going back to state court to exhaust those claims. Because Morgan did not raise claims 3, 4, and 5 in his original postconviction motion, these claims will likely be considered procedurally barred by the state courts. *State v. Escalona-Naranjo*, 185 Wis.2d 168, 517 N.W.2d 157 (1994). But Morgan may be able to present these claims in state court indirectly, through an argument that his postconviction counsel was ineffective for failing to raise these arguments. To do so, Morgan would need to file a postconviction motion in the circuit court under Wis. Stat. § 974.06, arguing that postconviction counsel was ineffective and caused him to default on his other claims. *State ex rel. Rothering v. McCaughtry*, 205 Wis. 2d

4

675, 682, 556 N.W. 2d 136, 139 (Ct. App. 1996) (describing procedure for challenging effectiveness of postconviction counsel). If Morgan chooses this option, then I will dismiss this petition without prejudice. This petition will not count as his one habeas opportunity and he would have the chance to try again with a new petition.

Morgan should be aware that if he chooses the second option, he should act promptly to exhaust his postconviction remedies in the state courts. Morgan has one year from the date his state court conviction became final in which to file his federal habeas petition. 28 U.S.C. § 2244(d)(1)(A). Federal courts have discretion to stay a mixed federal habeas petition, that is, a petition containing both exhausted and unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 275 (2005). But I do not think a stay is necessary or appropriate in this case. A stay is necessary if dismissal of the petition could jeopardize the petitioner's ability to later file a timely habeas petition, such as when the petitioner files his application close to the end of the one-year period. *Id.* In this instance, Morgan's conviction became final on February 11, 2019, 90 days after the Wisconsin Supreme Court denied his petition for review. *Anderson v. Litscher*, 281 F.3d 672, 674–675 (7th Cir. 2002) (one-year statute of limitations does not begin to run under § 2244(d)(1)(A) until expiration of 90-day period in which prisoner could have filed petition for writ of certiorari with United States Supreme Court). His one-year period began to run the next day, February 12, 2019. As of the date of this order October 28, 2019, 258 days of Morgan's one-year limitations period have elapsed, meaning that 107 days remain.

With 107 days remaining, Morgan does not risk running afoul of the statute of limitations so long as he diligently pursues his state court remedies. As soon as Morgan "properly files" a postconviction motion in the state courts, his habeas clock will stop, and it will remain stopped during the entire time that the motion is "pending." *See* 28 U.S.C.

§ 2244(d)(2). An application for postconviction relief is "properly filed" under § 2244(d)(2) once it is accepted by the state courts. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Once Morgan properly files a motion under § 974.06, his habeas clock will stop running until he receives a final decision from the Wisconsin Supreme Court on the motion, so long as Morgan does not miss any deadlines for filing an appeal or petition for review. *Fernandez v. Sternes*, 227 F.3d 977, 980 (7th Cir. 2000). The only time that will count against Morgan's habeas clock is the time leading up to his filing of a state court post-conviction motion and the time between the conclusion of state court proceedings and the filing of a new federal habeas petition.

In sum, if Morgan wishes to choose "option 2" and proceed on his unexhausted claims 2, 3, and 4, his petition must be dismissed so that he can present those claims in the state courts. With proper diligence, Morgan has enough time remaining on his federal clock in which to exhaust his state court remedies on these unexhausted claims without jeopardizing the timeliness of any future federal habeas petition. Therefore, I will not stay these proceedings if Morgan chooses option 2.

Morgan should notify the court by the deadline below whether he wants to proceed under option 1 or option 2. If Morgan does not respond by the date below, I will dismiss the petition in its entirety without prejudice.

ORDER

IT IS ORDERED that petitioner Ronald David Morgan may have until November 11, 2019 to notify the court whether he wants to: (1) proceed solely on his exhausted ineffective assistance of trial counsel claim (claim 1) and abandon his unexhausted claims (claims 2, 3, and 4); or (2) dismiss this petition in its entirety without prejudice so that he may exhaust

6

claims 2, 3, and 4 in the state courts. If the court receives no response from Morgan by November 11, 2019, I will dismiss the petition in its entirety without prejudice.

Entered October 28, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge